UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMOURE AMUN BEY — CIVIL ACTION

VERSUS — NO: 14-2455

JEFFERSON PARISH — SECTION: R(3)

**ORDER AND REASONS**

Defendant Jefferson Parish moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

On October 23, 2014, pro se plaintiff Amoure Amun Bey filed suit alleging a number of constitutional violations against defendant Jefferson Parish (the Parish) after she was arrested while attending a proceeding at the Twenty-Fourth Judicial District Court in Gretna, Louisiana.[2] The facts surrounding the incident, as alleged in Bey's complaint, are as follows.

On July 10, 2014, Bey went to the Twenty-Fourth Judicial District Court to observe a court proceeding.[3] During the proceeding, a courtroom official told a police officer that Bey had

---

[1] R. Doc. 14.

[2] R. Doc. 1.

[3] *Id.* at 1.

a cell phone.[4] The officer tried to take away Bey's phone and apparently called other officers for help.[5] Bey then exited the courtroom and was promptly arrested.[6] The officers searched Bey's purse, removed her phone, and began accessing Bey's personal photos and videos saved on the phone.[7] The officers believed Bey had recorded the judicial proceeding.[8]

Still in handcuffs, Bey was returned to the courtroom, where she was sentenced to thirty days in prison.[9] When the officers transported Bey to jail, they "roughly jerked her around" and ridiculed and harassed her.[10] One of the jail officers also removed Bey's traditional headdress and said, "No religious hats in here."[11]

While in jail, Bey received a shot of "unknown chemicals" in her arm.[12] She was also denied vegetarian food despite alerting prison deputies that her religion mandated a special diet.[13] Bey

---

4 *Id.* at 2.

5 *Id.*

6 *Id.*

7 *Id.*

8 *Id.* at 2-3.

9 *Id.* at 3.

10 *Id.* at 3.

11 *Id.* at 3.

12 *Id.* at 4.

13 *Id.*

spent 30 days in jail, where she noticed black mold throughout the showers and bathrooms.[14] As a result, Bey allegedly suffered high blood pressure, migraines, and a number of body pains.[15] Bey alleges that the Parish, by and through Second Parish Court, Twenty-Fourth Judicial District Court, Jefferson Parish Correctional Center, and others, violated the First, Fourth, Fifth, Sixth and Eighth Amendments; the United Nations Declaration on the Rights of Indigenous Peoples; and the Universal Declaration of Human Rights.[16]

The Parish now moves the Court to dismiss Bey's claim on the ground that it is not liable for the actions of Second Parish Court, Twenty-Fourth Judicial District Court, or the Jefferson Parish Correctional Center.[17]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is

---

[14] *Id.* at 5.

[15] *Id.* at 4-5.

[16] *Id.* at 5-7.

[17] R. Doc. 14. In support of its motion, the Parish attached an affidavit signed by the Deputy Chief of the Jefferson Parish Sheriff's Office. Because the affidavit is not necessary to resolve the motion, the Court will not consider it, and the motion to dismiss need not be considered as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**III. DISCUSSION**

The Court construes Bey's complaint liberally because of her pro se status. *See Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013). The Court infers that Bey's claim against a municipality for civil rights violations falls under 42 U.S.C. § 1983.

To state a claim against a municipality under section 1983, the plaintiff must allege that the Parish has either adopted "an official policy or custom that deprives citizens of their constitutional rights" or has engaged in "persistent, widespread practice which, although not official promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)); *see also Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 694 (1978). A municipality or local government unit cannot be held liable under section 1983 on a theory of *respondeat superior* merely because it employs a tortfeasor. *Monell*, 436 U.S. at 694; Esteves, 106 F.3d at 677.

Bey's complaint is devoid of any allegations that the Parish maintains either an official policy or unofficial practice that deprives citizens of their constitutional rights. Instead, her claims are entirely based on actions taken by other people. Bey asserts that she suffered unlawful treatment at the hands of her

arresting officers, the sentencing judge, and prison officials, for whom the Parish should be held liable. Indeed, in opposition to the Parish's motion, Bey argues the Parish "as owner [of the Jefferson Parish Correctional Center], is fully responsible for what takes place while it is owner. The defendant . . . hire[d] the personnel whom it alleges to be responsible [and] employed the deputies that placed the petitioner [in prison.]"[18] This is plainly a claim for liability under a theory of *respondeat superior.* As previously stated, a municipality like Jefferson Parish cannot be liable under section 1983 merely because it employs a tortfeasor. *See Esteves*, 106 F.3d at 677.

Because Bey has failed to allege that her injuries resulted from an official policy or custom that deprives citizens of their constitutional rights, her section 1983 claim against the Parish fails as a matter of law. *See id.; see also Monell*, 436 U.S. at 694. Accordingly, Bey's claims against Jefferson Parish must be dismissed.

## IV. LEAVE TO AMEND

The Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). Ordinarily, "a court should grant a pro se party every reasonable opportunity to amend." *Hale v. King*, 642

---

[18] R. Doc. 16 at 2.

F.3d 492, 503 n. 36 (5th Cir. 2011) (quoting *Pena v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998)). Therefore, the Court grants Bey leave to amend her civil rights claim within twenty-one (21) days of the entry of this order.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Jefferson Parish's motion to dismiss under Rule 12(b)(6) and dismisses Amoure Amun Bey's civil rights claim against the Parish. The Court GRANTS Bey leave to amend her complaint within twenty-one (21) days of the entry of this order. Failure to timely amend will result in dismissal of Bey's claims with prejudice.

New Orleans, Louisiana, this 29th day of June, 2015.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE